## Milwaukee Mechanics' Ins. Co. v. Max Schallman, for the use of, etc.

1. INSURANCE—*Waiver of the Right to Demand an Appraisal.*—When the insured demands an appraisal and the company pays no attention to such demand, it can not contend that a suit for the loss can not be maintained because of the lack of an appraisal.

2. SAME—*Notice to an Agent, When Notice to the Company.*—Service of a demand for an appraisal upon the agent of an insurance company is equivalent to service upon the company.

Assumpsit, on a policy of insurance. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 17, 1900.

R. W. BARGER, attorney for appellant; ERNEST H. HICKS, of counsel.

FELSENTHAL, D'ANCONA & FOREMAN, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a suit brought by appellee to recover from appellant for a loss suffered by fire. Appellee held a number of fire insurance policies upon the property destroyed.

In the brief for appellant, counsel claims the following errors, viz. :

" The court erred in refusing to permit the defendant to plead to the amendment to declaration filed after verdict, and in refusing a trial to defendant upon the facts alleged in amendment, and the declaration as amended.

" The court erred in admitting in evidence the letter demanding appraisement, and in refusing to direct the verdict at the close of plaintiff's evidence.

" The verdict is not supported by the evidence, and is contrary to law."

We consider only the errors thus presented. After verdict, and after motion for a new trial had been overruled, and while a motion in arrest of judgment was pending, appellee, by leave of court, filed an amendment to his declaration, by inserting in a proper place these words:

" And plaintiff alleges that the delivery of said proofs of loss as aforesaid, was more than sixty days before the commencement of this action." .

The policy provides that no suit could be maintained until sixty days after notice and proof of loss. Counsel for appellant contend that the declaration was insufficient in

that it did not aver that the proof of loss was presented to the appellant at least sixty days prior to the commencement of the suit; that the averment of the declaration amounted simply to the statement that the proof of loss was filed sixty days prior to the time of filing the declaration. The præcipe was filed February 19, 1898, and the declaration was filed six days thereafter, that is, February 25th. To go back sixty days from the date of filing the præcipe would be to go to December 21, 1897. The fire occurred October 12, 1897, hence, from the date of the fire to the sixty days prior to the filing of the præcipe is more than two months. The declaration avers that after the occurrence of the fire, the appellee gave notice to appellant "forthwith" in writing, and on the same day delivered to the appellant proof of loss.

No objection was made to the declaration until by motion in arrest of judgment. As it was seventy days from the time of the fire to the time when the sixty days would commence to run, the declaration having averred that the proof of loss was served forthwith, and the appellant having seen fit to go to trial upon that declaration, the objection to the declaration is not sufficient to sustain the motion in arrest of judgment.

If we look to the proof we find that notice of the loss was given to the agents of the companies composing appellant, October 27, 1897, and that notice with proofs of loss were mailed by registered letters to said companies at the respective home offices, December 7, 1897. There was no error in allowing the amendment to be made, or in denying leave to plead thereto.

The letter or notice, to the introduction of which objection is made by appellant, is as follows:

" M. Schallman, Manufacturer of Ladies', Misses' and Children's Cloaks and Suits, 124 Franklin Street.
Western Underwriters' Association, Fisher Bros., Agents, 146 La Salle Street, Chicago.
                                        CHICAGO, ILL., 10–27–7.
    GENTLEMEN: Inasmuch as you have not been able to agree with me as to the amount of loss I sustained by fire

on October 12, 1897, at my place of business, No. 124 Franklin street, under the policy issued by your company to me, and numbered 59,116, I herewith notify you that I shall ask that the amount of loss sustained by me by said fire, under your policy, as above stated, be ascertained by an immediate appraisal, and I further notify you that I demand that the articles of appraisement be signed within three (3) days from this date.

Yours very truly,

Max Schallman."

The objection to the introduction of this letter is, that it was served upon the agents only, and that they were not agents for the company for the purpose of receiving such notice and adjusting losses. Whether or not Fisher Bros. were such agents, is a contested question of fact. We are inclined to the conclusion, from the testimony, that they were. But whether they were or not is quite immaterial, because proofs of loss were sent to said companies direct at their home offices, being sent by mail December 7, 1897. Therefore, even if the letter should not have been admitted, it was a harmless error.

That letter contained a demand for an appraisal. The companies paid no attention to this demand and they can not now contend that this suit can not be maintained because of lack of an appraisal. Counsel for appellant in their reply brief, referring to the matter of appraisement, say :

" If that letter had been served upon the companies, or upon any general agent of the companies authorized to deal with losses, and the companies or such agent made no response thereto, it would amount to evidence of waiver."

That letter having been served upon the companies and their agents, and no response thereto having been made, the waiver is established.

In support of the contention that the verdict is contrary to the evidence, counsel for appellant urge that no goods were entirely destroyed; that the goods injured were not of the quality claimed, etc. Upon the trial, attorneys for appellant offered in evidence seven photographs of the premises where the fire occurred, and of the condition of

the goods as they appeared after the fire. To the introduction of these photographs attorneys for appellee objected. In contending against such objection, counsel for appellant, in the presence of the jury, stated:

"They are offered to show the extent of the damage to the goods, and the number and quality of goods that remained there after the fire, and the extent of the fire in these premises. There are two claims made in this case, as your honor has already observed; one is for goods totally destroyed, so that nothing was left remaining; the other is for damage on goods that still remain there. Now, this of course tends to show the quality of goods that remained after the fire, and tends to show the extent of damage created by the fire, and tends to show whether any goods were totally destroyed."

Objection to the admission of said photographs was thereupon withdrawn by attorneys for appellee, and the photographs were offered in evidence, and the record states that "they are received in evidence, and hereto attached and made a part of this record."

Such photographs are not attached to the record and are not brought before this court. What they may show, or how much they may have influenced the jury, it is of course impossible for us to determine.

But there was evidence tending to establish the loss for the amount of the verdict, and the evidence is such that we are not at liberty to determine that the verdict was the result of passion or prejudice or fraud, and therefore we can not interfere with it on that account. The judgment of the Superior Court is affirmed.